UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JAMES WARRICK,

                Plaintiff,

                                    Case No. 11-cv-12472

                                    Paul D. Borman
                                    United States District Judge

v.

                                    Charles E. Binder
                                    United States Magistrate Judge

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

_____/

## OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S MAY 2, 2012 REPORT AND RECOMMENDATION (ECF NO. 13), (2) DENYING PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION (ECF NO. 16), (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 11), (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 12), and (5) AFFIRMING THE FINDINGS OF THE COMMISSIONER

       This matter is before the Court on Plaintiff's Objections to Magistrate Judge Binder's May 2, 2012 Report and Recommendation. (ECF No. 16, Objections.) The Commissioner filed a response to Plaintiff's Objections. (ECF No. 19.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court DENIES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Motion for Summary Judgment.

## I.    BACKGROUND

       The Administrative Law Judge's ("ALJ") findings and the pertinent portions of the

Administrative Record are accurately and adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts them here.  (ECF  No. 13, Report and Recommendation 6-14.)

## II.    STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions.  Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).  In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence.  *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .").  Substantial evidence includes any relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)).  "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"  *Id.* (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).  "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986).  "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider."  *Id.* (internal quotation marks and citation omitted).  A non-specific objection, or one that merely reiterates

arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Id.* Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

## III.    ANALYSIS

As an initial matter, the Court notes that the Plaintiff is simply wrong in his continued assertion that the MCCMH reports by Dr. Pedraza (attached to Plaintiff's Objections as Exhibit 1) were not part of the Administrative Record. It is difficult to understand why Plaintiff keeps insisting that these records were "missed" by the ALJ, when the Defendant pointed out in its Motion for Summary Judgment exactly where these records are found in the Administrative Record, at Exhibit "17F" Tr. 685-746. As Defendant pointed out in its Motion for Summary Judgment, the ALJ specifically acknowledged at the hearing that he had received Exhibit "17F" and also referred to the records contained in that Exhibit in his Decision, clearly indicating that he did in fact review the MCCMH records, and Dr. Pedraza's opinions. (Tr. 15, 37.) The Court has independently reviewed

3

these records, which clearly the ALJ also reviewed, and finds that (1) Plaintiff has selectively quoted from them and (2) they support the ALJ's findings and conclusions.

First, suggesting that the ALJ ignored the Vocational Expert's response to his hypothetical in which a supervisor would have to watch and be with claimant at least two thirds of the day, Plaintiff quotes selectively and out of sequence as follows from Dr. Pedraza's report: "Specifically, the long-term treating psychiatrist, Dr. Pedraza, opined in many of his office notes, that Robert needed "monitoring," as he was "vulnerable" and "decompensation" would be "likely" to occur "without such monitoring." (ECF No. 16, Pl.'s Objs. 15, 17.)   In fact, the note states: "Due to difficulties listed above combined with history of non-compliance and impulsivity, consumer is vulnerable and decompensation likely without case management services to monitor." Tr. 724. Dr. Pedraza did not suggest that Plaintiff needs to be watched and supervised two-thirds of every day. Indeed, on this same case note page, Dr. Pedraza notes that Plaintiff "independently maintains competitive employment" and further notes that Plaintiff was then employed as a roofer.

A fair interpretation of this statement by Dr. Pedraza does not suggest a functional limitation on Plaintiff's ability to work but merely the need to monitor Plaintiff to ensure that he continued receiving treatment to prevent "decompensation." Dr. Pedraza's notation that Plaintiff's case needed to be monitored for compliance is a far cry from suggesting that Plaintiff needed continuous monitoring throughout the course of a day to prevent specific episodes of decompensation. Such an interpretation is misguided at best, particularly in view of the contemporaneous note that Plaintiff was then independently maintaining competitive employment as a roofer. It is clear that the ALJ did not ignore Dr. Pedraza's reports, as Plaintiff claims. The Court concludes that the Magistrate Judge did not err in finding that substantial evidence supported the ALJ's conclusion that the record

4

evidence established that Plaintiff was capable of doing simple work and that Plaintiff, therefore, was capable of performing substantial gainful activity.

Nor did the Magistrate Judge err in concluding that the Jewish Vocational Services Situational Assessment Report did not entitle Plaintiff to a sentence-six remand. The Magistrate Judge correctly concluded that this Report was not evidence of continued treatment. Moreover, the Report demonstrates that in virtually every area other than attendance (which Plaintiff suggests was due to transportation problems) Plaintiff was extremely competent and able to stay on task: "made acceptable decisions most of the time;" and "demonstrated the ability to be depended on to follow directions and get the job done;" and "was able to complete the physical demands of the job as well as complete the work shift without tiring." These are only a few of the comments, which on whole fully support the ALJ's finding that Plaintiff was able to engage in substantial gainful activity. The Magistrate Judge did not err in concluding that the Jewish Vocational Report does not demonstrate good cause for a remand.

Nor did the Magistrate Judge err in his review of the ALJ's credibility determinations. Plaintiff testified at his hearing that he was receiving Risperdal injections every two weeks and was feeling a "tremendous difference," feeling "more clear headed" and "capable of doing things," particularly since he had stopped abusing recreational drugs. Tr. 38-42, 59-60. Plaintiff testified that on this medication, many of the behaviors that had prevented him from working were getting much better. Tr. 60-62. The ALJ found that the Plaintiff's testimony "suggests that [Plaintiff] has retained a greater level of functionality than alleged in connection with [his] application and appeal," and that Plaintiff's treatment was "generally successful in alleviating" the symptoms related to Plaintiff's underlying impairments. Tr. 15. Specifically, the ALJ concluded:

> In general, the medical evidence of record demonstrates a stability of the claimant's condition particularly with treatment, and with no change or worsening since the alleged onset date. At the very least the medical evidence of record indicates that the claimant's symptoms have not been severe or limiting as alleged in connection with this application and appeal. In addition to the evidence indicating that the claimant's symptoms are not as severe or ongoing as alleged, there are other factors taken into consideration in the residual functional capacity assessment. In sum, the claimant's allegations are not fully credible.

Tr. 16.

The ALJ then discussed (1) Plaintiff's work history which indicated greater daily activity functioning than Plaintiff reported; (2) Plaintiff's daily living activities which were not as limited as would be expected given Plaintiff's complaints of a disabling condition, including tending to personal care without assistance, doing household chores, preparing meals, going out unaccompanied and driving to shop and attend appointments; (3) Plaintiff's residual functional capacity which, although determined by non-examining physicians, was entitled to some weight and was consistent with much of the medical evidence of record, specifically Exhibits 8F-9F, 11F-12F, 15F-16F. Tr. 17.

Plaintiff also objects that the ALJ and the Magistrate Judge ignored the fact that although Plaintiff had engaged in independent employment, he had been terminated for inappropriate behaviors. (ECF No. 16, Pl.'s Objs. 14.) However, Plaintiff testified at the hearing specifically that on his current medication, he was able to better control his inappropriate behaviors. Tr. 59-60.

## IV.   CONCLUSION

For the foregoing reasons, the Court (1) DENIES Plaintiff's Objections (ECF No. 16), (2) ADOPTS the Report and Recommendation (ECF No. 13), (3) GRANTS Defendant's Motion for Summary Judgment (ECF No. 12), (4) DENIES Plaintiff's Motion for Summary Judgment (ECF No.

11) and AFFIRMS the findings of the Commissioner.

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated:    9 - 10 - 12

7